JAP:TRS

M-06-1259

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

DESEAN ALLEN,

          Defendant.

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C., Section 922(g))

- - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

    ISMAEL HERNANDEZ, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol Tobacco Firearms and Explosives ("ATF"), duly appointed according to law and acting as such.

    Upon information and belief, on or about July 18, 2006, within the Eastern District of New York, the defendant DESEAN ALLEN did knowingly and intentionally possess in and affecting interstate commerce a firearm, to wit, a Taurus 9mm semi-automatic pistol and ammunition, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

    The source of your deponent's information and the grounds for his belief are as follows[1]:

    1.    I am a Special Agent with ATF. My information in

---

[1] Because the purpose of this affidavit is only to establish probable cause to arrest, I have not set forth a description of all of the facts and circumstances of which I am aware.

this case comes from reviews of records of the New York City Police Department ("NYPD"), conversations with police officers and other official records of government agencies.

2. On July 18, 2006, at approximately 8:50 p.m., NYPD officers were on patrol at 2212 Ditmas Avenue, Brooklyn, New York, serving an Order of Protection on an unrelated case. While in the building, the officers received a radio transmission of a dispute with a gun in the same building at apartment 4B.

3. The officers responded to apartment 4B and observed that the door was open and heard noises coming from inside of the apartment. When the officers arrived at the apartment door they observed a turned over car seat and a stroller on the floor inside the apartment. The officers observed the defendant walking out of a bedroom inside the apartment. The officers told the defendant to step out of the apartment into the hallway and advised the defendant that they received a call regarding a dispute with a gun. The defendant DESEAN ALLEN told the officers that he had an argument with his wife over the baby and that she took out a fork on him.

4. One of the officers proceeded to look for a complainant and observed a female on the 3rd floor of the building who identified herself as the person who had called the police ("the female"). The female told the officer that DESEAN ALLEN waived a gun at her and told her that he was going to end

2

it all, while they were inside of their shared bedroom inside apartment 4B. The female gave consent to the officers to search apartment 4B.

4. The officers asked the defendant where the gun was. In response, DESEAN ALLEN stated that the gun was in his dresser drawer and pointed toward the bedroom. The officer went to the bedroom, where he had previously seen the defendant exit, and recovered a Taurus 9mm semi-automatic pistol loaded with 8 rounds of ammunition, and a holster, wrapped inside of a plastic bag inside the dresser drawer.

5. The defendant DESEAN ALLEN was handcuffed and placed under arrest.

6. The female advised the officers that DESEAN ALLEN kept another gun inside of the apartment and that if she found it she would call the precinct. Later that evening on July 18, 2006, the female called the precinct to advise police that she had found the other gun. An officer responded to 2212 Ditmas Avenue, Apartment 4B and met with the female.

7. The female escorted the officer to a bedroom inside the apartment, which was different from the above-mentioned shared bedroom. The officer recovered a Stallard Maverick JS 9mm semi-automatic pistol, and a 9mm magazine loaded with 10 rounds, from inside of a dresser drawer in the bedroom. The officer also recovered 2 boxes filled with ammunition on the ground next to

the dresser.

8. At the precinct, after being advised of his Miranda rights in writing, the defendant made a written statement where he stated that he and his wife were having an argument about the baby crying and his wife pulled a fork on him and that's when he twisted her arm. The defendant also stated that the firearm was stored in his dresser, and the firearm was turned over to the police. The defendant further stated that he has the gun for home protection because of the bad area he lives in.[2]

9. From my training and experience, I know that the above-mentioned Taurus 9mm semi-automatic pistol and ammunition was manufactured outside the State of New York.

7. I have reviewed the defendant DESEAN ALLEN's criminal history record and have determined that DESEAN ALLEN has been convicted of a crime punishable by a term of imprisonment of more than one year. Specifically, on April 18, 1991, DESEAN ALLEN was convicted in New York State Supreme Court, King's County, of Attempted Criminal Possession of a Controlled Substance in the Third Degree in violation of New York Penal Law § 110/220.16(1).

---

[2] The defendant previously stated to an officer in substance that he used to have a second gun in the apartment but that he gave it to another individual.

4

WHEREFORE, your deponent respectfully requests that a warrant be issued and the defendant DESEAN ALLEN be dealt with according to law.

_____
ISMAEL HERNANDEZ
Special Agent,
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me this
12th day of December, 2006

SMG
_____
THE HONORABLE STEVEN GOLD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK